UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GURMEET SINGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:15-cv-1916-WTL-MPB |
| | ) |
| JEH JOHNSON, Secretary of the | ) |
| Department of Homeland Security, *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON DEFENDANTS' MOTION TO DISMISS[1]

This cause is before the Court on the Defendants' motion to dismiss (Dkt. No. 10).[2] The motion is fully briefed, and the Court, being duly advised, **GRANTS** the Defendants' motion for the reasons and to the extent set forth below.

### I.  BACKGROUND

The Plaintiff is a citizen of India. He entered the United States in 2011 as an R-1 non-immigrant religious worker employed by the Sikh Society of Wisconsin-Madison. Dkt. No. 1-1 at 100. On May 29, 2012, the United States Citizenship and Immigration Services ("USCIS") approved a Form I-129, Petition for a Nonimmigrant Worker, for the Plaintiff's employment

---

[1] The Plaintiff contends that the Defendants' motion to dismiss is untimely and that, as a result, the Defendants have admitted the allegations in the Plaintiff's Complaint. The Defendants' responsive pleading was due February 9, 2016, sixty days after service was complete on the Defendants. The Defendants timely filed their motion to dismiss on February 8, 2016. Therefore, the Plaintiff's contention that the Defendants have admitted the allegations in the Plaintiff's Complaint is incorrect.

[2] Pursuant to Federal Rule of Civil Procedure 12(i), the Plaintiff moves for a hearing on the Defendants' motion to dismiss (Dkt. No. 12). Because the Court does not believe a hearing would be useful in resolving the instant motion, the motion for hearing is **DENIED**. *See* L.R. 7-5(d)(1) (explaining that the Court may in its sole discretion grant or deny a request for hearing).

with Gurdwara Shri Guru Hargobind Sahib Ji Corporation in Greenwood, Indiana. *Id.* Gurdwara Shri Guru Hargobind Sahib Ji Corporation later filed a Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant, on the Plaintiff's behalf. The Form I-360 was approved for the Plaintiff's employment as a Special Immigrant Religious Worker for Gurdwara Shri Guru Hargobind Sahib Ji Corporation. *See* Dkt. No. 1-1 at 23.

On April 15, 2014, the Plaintiff filed a Form I-485, Application to Register Permanent Residence or Adjust Status ("I-485 Application"), in which he sought to adjust his status in the United States to that of a lawful permanent resident. *See* Dkt. No. 1-1 at 30. On October 17, 2014, USCIS denied the Plaintiff's I-485 Application. It reasoned that, because the Plaintiff received room and board, donations, and gifts from Sikh temples other than his employer, things it considered remuneration for work, he was employed by those temples and thus "engaged in unauthorized employment for more than 180 days while in R-1 status and therefore [did] not qualify for adjustment of status to permanent resident." Compl. ¶¶ 13, 15.

"[The] Plaintiff contends that he never engaged in unauthorized employment and qualified for adjustment of status" because "the R-1 employer directed every major facet of the work of [the] Plaintiff, even when he was assigned to conduct religious services at sister [t]emples." Comp. ¶¶ 14, 16, respectively. He further contends that "[a]nything provided to [him] at those [t]emples would have been provided to any individual who would have visited any of the [t]emples or would have been provided to a Sikh [p]riest as a matter of religious rite following the traditions and tenants of the Sikh religion . . . . [and] did not constitute indicia of employment with the sister [t]emples." Compl. ¶ 16.

On three separate occasions, the Plaintiff moved to reopen or reconsider the I-485 Application denial decision. Plaintiff's first request was granted, and the original denial of the I-

2

485 Application was affirmed.  *See* Dkt. No. 1-1 at 44-46.  USCIS found the Plaintiff's second motion to reopen or reconsider untimely.  It nonetheless stated that "[t]he evidence has been reviewed despite the fact that your motion was received untimely," and it rejected the motion. Dkt. No. 1-1 at 56-57.  The Plaintiff's third motion for reconsideration was rejected because it was untimely filed and the Plaintiff "ha[d] given no excusable reason for the delay."  Dkt. No. 1-1 at 1.

On December 4, 2015, the Plaintiff filed his Complaint for declaratory and injunctive relief in this Court.  He alleges several claims: (1) his I-485 Application was denied in violation of the APA (Count I); (2) the definition of employment used in denying Religious Workers' I-485 applications was created in violation of section 706 of the APA and its rulemaking procedures (Count II); (3) "[t]he USCIS creation and application of its own 'employment' definition, and its findings and its conclusion that [the] Plaintiff engaged in unauthorized employment" violated his right to the free exercise of religion under the First Amendment (Count III); (4) these same things violated his rights under the Religious Freedom Restoration Act (Count IV); (5) he was denied due process in violation of the Fifth Amendment because the USCIS relied on evidence not presented to the Plaintiff in denying his I-485 Application and also because the issue was not addressed in his most recent motion to reopen the decision on his I-485 Application (Count V);[3] and (6) the Defendants should be estopped from examining whether he engaged in unauthorized employment because the issue was fully addressed when his Form I-360 was approved (Count VI).

---

[3] The Court notes that the Plaintiff referred to this count as "Count IV" as well.  For clarity, the Court renumbers the Plaintiff's counts as shown above.

On January 6, 2016, the United States Department of Homeland Security issued to the Plaintiff a Notice to Appear in removal proceedings.[4]  *See* Dkt. No. 10-3.  His hearing before the Immigration Court was scheduled for May 11, 2016, Dkt. No. 10-4 at 2, but has since been rescheduled for November 29, 2019, Dkt. No. 14 at 3.

## II.   STANDARD

The Defendants ask this Court to dismiss the Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  "[A] court must dismiss the case without ever reaching the merits if it concludes that it has no jurisdiction." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) (citation omitted).  Therefore, the Court first addresses the question of subject matter jurisdiction.  Under Rule 12(b)(1), the Court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction

---

[4] The Plaintiff suggests that the Defendants initiated removal proceedings after the Plaintiff filed this lawsuit, which the Plaintiff argues is "[an] attempt[] to strip this Court of jurisdiction and deny the Plaintiff his day in court" and "engaging in forum shopping." Dkt. No. 11 at ¶¶ 28; 30; 47, respectively.  In fact, the removal proceeding process appears to have been initiated internally at USCIS prior to the initiation of this lawsuit.  The Defendants provided a declaration explaining that the Notice to Appear was signed by the declarant on December 1, 2015, but was not sent at that time because, "[w]hile [the Plaintiff's] alien file was awaiting clerical processing, [USCIS's Nebraska Service Center] counsel advised me on December 16, 2015, that the file was needed for review by one of our staff attorneys because a lawsuit had been filed relating to the denial of the underlying application for an immigration benefit. [USCIS's Nebraska Service Center] counsel released the file for completion of the Notice to Appear process on January 6, 2016, and the clerical process was completed the same day." Dkt. No. 10-2 ¶ 4.  The Notice to Appear also shows that the declarant signed the document on December 1, 2015.  *See* Dkt. No. 10-3 at 2.  However, even if the Defendants had not yet initiated removal proceedings when this cause was filed, for the reasons stated in this Entry, this Court would not have jurisdiction over the Plaintiff's claims.

4

exists." *Id.* (quotation omitted). The Plaintiff bears the burden of establishing jurisdiction. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992).

### III. DISCUSSION

The Defendants argue that this Court lacks subject matter jurisdiction because the Plaintiff has failed to exhaust his administrative remedies. The Administrative Procedures Act ("APA") allows judicial review for "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. The statutes named by the Plaintiff, the Declaratory Judgment Act, the Immigration and Nationality Act ("INA"), and the Mandamus Act, do not confer jurisdiction over these claims.[5]

First, the Court lacks subject matter jurisdiction over the Plaintiff's request for declaratory judgment because the Declaratory Judgment Act provides a judicial remedy only. It does not confer subject matter jurisdiction. *See, e.g.*, *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995).

The INA also does not provide this Court with jurisdiction. Instead, it expressly forecloses this Court's jurisdiction to review the denial of his I-485 Application and any arguments he makes for why the denial was wrong. The INA unambiguously provides, in relevant part, that "[n]otwithstanding any other provision of law . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title."[6]

---

[5] The Plaintiff also lists 28 U.S.C. § 1651, the All Writs Act and 8 C.F.R. § 1.1 *et seq.*, as sources of jurisdiction, but does not elaborate. "It is not this court's responsibility to research and construct the parties' arguments." *Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011) (quotation omitted). Accordingly, the Court does not examine whether the All Writs Act or 8 C.F.R. § 1.1 *et seq.* provide this Court with jurisdiction.

[6] Section 1255 governs the administrative procedure for certain nonimmigrants seeking permanent residence status, the ultimate relief sought by the Plaintiff.

8 U.S.C. § 1252(a)(2)(B)(i). *See also Wroblewska v. Holder*, 656 F.3d 473, 477 (7th Cir. 2011) ("We lack jurisdiction to review a variety of agency decisions denying discretionary relief, including an [immigration judge's] decision to deny an application for adjustment of status."); *Subhan v. Ashcroft*, 383 F.3d 591, 594 (7th Cir. 2004) ("When a request for an adjustment of status is denied there is no judicial review because the denial is one of the discretionary orders expressly made nonreviewable by section 1252(a)(2)(B)"); *see also Iddir v. I.N.S.*, 301 F.3d 492, 497 (7th Cir. 2002).

While the INA allows judicial review of constitutional claims and questions of law, it explicitly confers such jurisdiction on the "appropriate court of appeals" after removal proceedings have been completed. 8 U.S.C. § 1252(a)(2)(D) (referring to "the court of appeals for the judicial circuit in which the immigration judge completed the [removal] proceedings" as found in § 1252(b)(2)); *see also Singh v. Reno*, 182 F.3d 504, 510 (7th Cir. 1999) (holding, pursuant to a similar provision, that district court lacked jurisdiction over review of claim barred by 8 U.S.C. § 1252(g), but that "access to the courts of appeals enables an alien to mount what is in effect a collateral constitutional challenge to deportation proceedings" because "exclusive responsibility for the prevention of miscarriages of justice now rests with the courts of appeals"). The claims the Plaintiff raises in addition to his claim that the Defendants unlawfully denied his I-485 application are either constitutional claims or questions of law. Therefore, even if the Plaintiff were entitled to petition for judicial review of his claims, the appropriate forum for his claims is the court of appeals, and the appropriate time is after the completion of his removal proceeding.[7]

---

[7] The Plaintiff also raises procedural questions. He contends that the definition of employment used in evaluating his I-485 Application, which defines remuneration to include room, board, donations, and gifts, was subject to the APA's rulemaking procedures. The

Mandamus jurisdiction is also unavailable to the Plaintiff. The Mandamus Act provides federal court jurisdiction as follows: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[M]andamus jurisdiction can be invoked only when the plaintiff has a clear right to the relief sought, the defendant has a clear duty to perform, and no other adequate remedy is available." *Blaney v. United States*, 34 F.3d 509, 513 (7th Cir. 1994); *see also Iddir*, 301 F.3d at 499 (citing *Scalise v. Thornburgh*, 891 F.2d 640, 648 (7th Cir. 1989). Here, the Plaintiff has not demonstrated what, if any, tasks the Defendants are obligated to perform. USCIS has a mandatory duty to adjudicate a petition for an adjustment of status, 8 C.F.R. § 245.2(a)(1), which it has done: the Plaintiff has received a decision. *See also Iddir*, 301 F.3d at 500 (Immigration and Naturalization Service had duty to adjudicate plaintiffs' applications for adjustment of status). The decision whether to award an adjustment of status, however, is discretionary. *See* 8 U.S.C. § 1255(a) ("The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence"); *see also Patel v. I.N.S.*, 738 F.2d 239, 242 (7th Cir. 1984) ("The immigration judge . . . exercised his discretion to deny petitioner's application for adjustment of status.").[8] Thus, USCIS performed its duty.

---

Defendants, however, did not promulgate a rule containing a definition of employment. Therefore, the APA's rulemaking procedures do not apply.

[8] Pursuant to the Homeland Security Act, references to "Attorney General" in the Immigration and Nationality Act and its regulations now include the Department of Homeland Security ("DHS") and its officers because that agency has authority over functions previously carried out by Immigration and Naturalization Services. *Durable Mfg. Co. v. U.S. Dep't of Labor*, 578 F.3d 497, 499 n.1 (7th Cir. 1999) ("Under 6 U.S.C. § 557, references in federal law to any agency or officer whose functions have been transferred to DHS shall be deemed to refer to the Secretary of DHS or other official or component to which the functions were

Moreover, both the Mandamus Act and the APA apply only where there is "no other adequate remedy." *See Blaney*, 34 F.3d at 513 (mandamus jurisdiction applies where "no other adequate remedy is available"); 5 U.S.C. § 704 (APA jurisdiction applies where "there is no other adequate remedy in a court"). Here, the Plaintiff has other adequate remedies available for his claims. At this point, the immigration judge has exclusive jurisdiction, and the Plaintiff has the right to adjudicate his I-485 Application decision during his ongoing removal proceedings. 8 C.F.R. § 1245.2(a)(1)(i) ("In the case of any alien who has been placed in deportation proceedings or in removal proceedings (other than as an arriving alien), the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file."); *see also* 8 C.F.R. § 1245.2(a)(5)(ii) ("No appeal lies from the denial of an application by the director, but the applicant, if not an arriving alien, retains the right to renew his or her application in proceedings under 8 CRF part 1240 [regulations governing removal proceedings]."). The immigration judge presiding over the Plaintiff's removal proceeding has *de novo* review of the USCIS's denial of the Plaintiff's I-485 Application. 8 C.F.R. § 1240.1(a)(1). Thereafter, if the immigration judge's decision is unfavorable to the Plaintiff, he may appeal to the Board of Immigration Appeals. 8 C.F.R. § 1003.1(b)(3). And, if the Board of Immigration Appeals affirms an immigration judge's unfavorable decision, the Plaintiff may appeal to the Seventh Circuit the results of his removal proceeding and any constitutional claims or questions of law. 8 U.S.C. §§ 1252(a)(2)(D); (b)(2); *see also McBrearty v. Perryman*, 212 F.3d 985, 987 (7th Cir. 2000) (finding lawsuit "premature, since . . . [the

---

transferred."); *Buddhi v. Holder*, 344 F. App'x 280, 284 n.1 (7th Cir. 2009) (because the Homeland Security Act expressly transferred responsibility to Department of Homeland Security, reading "Secretary of Homeland Security" into INA provision despite reference to "Attorney General").

plaintiffs] could obtain review of the district director's [adjustment of status denial] decision by the Board of Immigration Appeals if and when the immigration service institutes removal (i.e. deportation) proceedings against them"). Accordingly, the Plaintiff has other adequate remedies available and cannot invoke mandamus jurisdiction or rely on the APA for jurisdiction.[9] This Court lacks jurisdiction over the Plaintiff's claims.

## IV.     CONCLUSION

For the forgoing reasons, the Plaintiff's motion for hearing (Dkt. No. 12) is **DENIED**; the Defendants' motion to dismiss (Dkt. No. 10) is **GRANTED** in its entirety; and the Plaintiff's claims are **DISMISSED** for lack of subject matter jurisdiction.

SO ORDERED: 8/17/16

*[signature]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification.

---

[9] Although exhaustion of administrative remedies may be excused under specific circumstances, the Plaintiff does not argue that any apply. *Iddir*, 301 F.3d at 498.